# Jess D. Andrews et al., Appellants, v. Pauline Andrews Snyder et al., Appellees.

1. Trusts—*when provision in will as to appointment of trustees does not apply.* A provision in a will for the appointment of three certain persons as executors and trustees and that if at any time during the trust there should be a vacancy, it is the desire of the testator that the courts appoint such persons to be trustees "as may be selected by the survivor or survivors" of the persons named in the will as trustees, did not apply where all of the executors had resigned and declined to be appointed as trustees and there was no survivor to select persons to fill the vacancies.

2. Trusts—*when court acts within powers and within terms of will in appointment of trustees.* Where a will provided that certain persons should be appointed as trustees and that if there should be a vacancy in all the trusteeships the court should appoint suitable persons of the county, and all of the persons named refused to act as trustees, the court acted within its powers and within the terms of the will when, after consultation with the attorneys of the respective parties, he named trustees other than those recommended by those named by the testator.

3. Trusts—*when appointment by court of trustees of own choosing is proper.* Where the executors named in a will, in consideration of $41,000 paid by the widow of testator, resigned and declined to act as trustees and recommended the appointment by the court of certain persons chosen and named by the widow as administrators *de bonis non* with the will annexed, the court properly found the transaction to be fraudulent and, disregarding their recommendations, appointed trustees of his own choosing.

4. Trusts—*when circuit court not required to appoint as trustees persons named by county court as administrators de bonis non.* Although the county court adopted the suggestion of retiring executors of a will and appointed as their successors persons named by them, and the testator in his will expressed a desire that the executors appointed by the county court and the trustees appointed by the circuit court be the same persons, the circuit court was not bound to appoint the persons named by the county court as administrators *de bonis non.*

5. Wills—*right of testator to control courts' adjudications.* A testator cannot by his will control courts as to how certain questions shall be adjudicated.

Appeal from the Circuit Cook of Coles county; the Hon. J. H. Marshall, Judge, presiding. Heard in this court at the October term, 1920. Affirmed. Opinion filed October 25, 1921.

THOMAS D. MASTERS, for appellants.

VAUSE & KIGER, C. C. LEE and M. A. TIPSWORD, for appellees.

MR. PRESIDING JUSTICE GRAVES delivered the opinion of the court.

Jesse D. Andrews died March 1, 1919, leaving a will and a codicil thereto in which he named W. N. Mc-Kamy, P. N. Kelly and I. B. Craig as his executors and trustees. This will and codicil were duly probated in the county court of Coles county on April 29, 1919, and letters testamentary thereupon issued to the executors therein named. By this will the said testator requested the circuit court of Coles county to appoint as trustees the persons named in the will, but they were never so appointed. It was further provided in the will as follows:

"In case either of said trustees should not be living at the time of my death and no one else having been appointed by me by a codicil to this will, I desire that the courts appoint such person or persons as may be selected by the survivor or survivors of the persons herein named by me as trustees, and if at any time during the duration of this trust there should be a vacancy I desire such vacancy to be filled by said court by the appointment of the person or persons selected by the surviving trustee or trustees; my desire being that there shall at all times be three persons to act as such trustees and direct that said court shall make such appointments in case of the refusal or the neglect of the survivor or survivors to nominate such person and in case there should be a vacancy of all of said trusteeships at any time, then said court shall appoint all of said trustees from suitable persons of the County of Coles, who shall be capable of managing such trusteeship, and I desire that during the time that my estate is being conducted by my executors and trustees the same persons shall be named by the County Court of Coles County and the Circuit Court of Coles County as such trustees and executors."

On July 25, 1919, the following contract was entered into between the said executors and Margaret J. Andrews, widow of the testator, viz.:

"THIS AGREEMENT entered into this twenty-fifth (25th) day of July, A. D. 1919, by and between Margaret J. Andrews, of Mattoon, Illinois, party of the first part, and W. N. McKamy, P. N. Kelly and I. B. Craig, parties of the second part, WITNESSETH:

"That the said W. N. McKamy, P. N. Kelly and I. B. Craig as executors and trustees of certain instruments probated in the County Court of the County of Coles, in the State of Illinois, as the last will and testament and codicil thereto of Jesse D. Andrews, deceased, believing it to the best interest of the estate of Jesse D. Andrews, deceased, and tending to promote harmony therein, for the considerations hereinafter enumerated, do hereby agree to resign as such executors and trustees of the estate of Jesse D. Andrews, deceased, just as soon as their report can be prepared as such executors and trustees, and to file their report and do everything with expedition to bring about their discharge as such executors and trustees by the County Court of the County of Coles, in the State of Illinois, and the appointment of their successor or successors.

"And the said P. N. Kelly, W. N. McKamy, for that part of the consideration herein going to them from the said Margaret J. Andrews, and looking further to the future welfare of the lumber business of said estate, hereby promise and covenant that for the period of two years from the first day of August, A. D. nineteen hundred and nineteen (1919) each of them will not engage directly or indirectly in the retail lumber business in the City of Mattoon or at any point within twenty-five (25) miles therefrom, either in his own behalf or as the employe or agent of another, and this agreement, in that respect shall extend to and be in favor of the assignee of the said Margaret J. Andrews.

"All the parties hereto agree that the said P. N. Kelly and W. N. McKamy, shall be retained and employed in and about the said lumber business of the estate of Jesse D. Andrews, deceased, at the monthly

salary to be paid to each of them from the said lumber business of two hundred and fifty dollars ($250.00) per month, while their services shall be satisfactory to the person or persons in charge of said lumber business as their employers, but the said W. N. McKamy and P. N. Kelly are at liberty to leave the said service when they desire.

"And the party of the first part agrees in her personal capacity and as guardian of the minor children of the said Jesse D. Andrews, deceased, in consideration of the promises of the parties of the second part herein enumerated, to recognize the rights of W. N. McKamy and P. N. Kelly in the real estate which they claim was held in trust by the said Jesse D. Andrews, for himself, the said Jesse D. Andrews, now deceased, and the said W. N. McKamy and P. N. Kelly.

"The party of the first part in consideration of the agreements of the parties of the second part and for and in behalf of their services, agrees to pay to the parties of the second part the sum of forty-one thousand dollars ($41,000.00) in cash when the parties of the second part shall resign as aforesaid, as such executors and trustees of the estate of Jesse D. Andrews, deceased, and file their report as such executors and trustees, and obtain the order of the County Court of the County of Coles aforesaid, approving their report and discharging them as such executors and trustees, when their successor or successors, as recommended by the party of the first part, shall by the Court have been duly appointed.

"In WITNESS WHEREOF, the parties hereto have hereunto set their hands and seals on the day and year first above written."

On the same day the said executors presented to the county court of Coles county their petition for leave to resign as executors and trustees and to be relieved from all duty on account of anything concerning the will, and recommended that the county court appoint Benjamin F. Drennan, J. W. Bledsoe and F. W. Votaw as administrators *de bonis non* with the will annexed. On August 2, 1919, this petition was

heard and allowed. Whereupon the original executors made their report and on August 22, 1919, Drennan, Bledsoe and Votaw were appointed administrators *de bonis non* with the will annexed. On September 12, 1919, the bill in this case was filed in the circuit court of Coles county setting forth, in substance, the foregoing facts, and praying for the appointment of the said Drennan, Bledsoe and Votaw as trustees, and for general relief. In due time the cause was heard and on April 29, 1920, a decree was entered denying the specific prayer for the appointment of Drennan, Bledsoe and Votaw as trustees, but instead appointing Wade H. Ownby, Frank M. Schulhoff and Fred More as trustees under the prayer for general relief to execute the trust created by the said will. The complainants in the bill have appealed from that decree and contend that the court erred in failing to appoint those persons as trustees who were nominated by the retiring executors, and it is argued in support of that contention that the testator had willed that such retiring executors and trustees should nominate their successors. There is no such provision in the will. It is provided in the will that if either of the trustees named therein should not be living at the time of the death of the testator and no one had been appointed by the testator in a codicil to the will to take such trustee's place, or if at any time during the duration of the trust there should be a vacancy, it is the desire of the testator that the courts appoint such persons to be trustees "as may be selected by the *survivor* or *survivors*" of the persons named in the will as trustees; but that condition does not exist in the case at bar for *all* of the executors had resigned and declined to be appointed as trustees and there is no survivor to select persons to fill the vacancies. The testator, however, did not overlook the possibility that the condition now presented by the facts in this case might arise where there should be a vacancy in all the

trusteeships and he provided in his will that in that contingency the "court shall appoint all of said trustees from suitable persons of the County of Coles, who shall be capable of managing such trusteeships." No provision is made in the will for the nomination by any one of successors in trust where all the trusteeships are vacant for any cause. The court was acting clearly within its powers and within the terms of the will when after consultation with the attorneys of the respective parties he named trustees other than those recommended by those named by the testator.

Even if the retiring trustees were acting within the terms of the will in recommending their successors, still the court was thoroughly justified in refusing to appoint the persons nominated by them. The conference by a testator of discretionary powers upon named individuals is the expression by him of a personal confidence in the integrity, ability and sound judgment of the individual who is given the power in regard to the matters concerning which the trust is created, and the testator has a right to assume that such person will be governed in his actions by the qualities of his character upon which the testator relies, and will with integrity and ability exercise his own judgment in regard to the matter involved, and that he will not allow the judgment of others to be substituted for his own, or his own be the subject of barter and sale. The record in this case unequivocally shows that the executors named in the will in consideration of $41,000 in hand paid by the widow of the testator not only resigned as executors and declined to act as trustees, but recommended the appointment by the county court of certain persons chosen and named by the widow as administrators *de bonis non* with the will annexed of the estate of the testator. The circuit court very properly found that the transaction by which they were induced to recommend the said persons as their successors was contaminated with fraud and disregarding

their recommendations appointed trustees of his own choosing.

It is urged that the county court adopted the suggestion of the retiring executors and appointed as their successors those named by them, and that inasmuch as the testator in his will expressed the desire that the executors appointed by the county court and the trustees appointed by the circuit court should be the same persons that the circuit court was bound to appoint as trustees the same persons that the county court had made administrators *de bonis non* with the will annexed, regardless of the source from which came the suggestion that they be appointed. The position is untenable. The circuit court was not called upon to determine in this proceeding how it came that the county court appointed to represent the estate the persons suggested by the retiring executors. The circuit court was in this proceeding concerned only with the appointment of proper persons as trustees. It does not follow that if the county court has made a mistake in its selection of administrators *de bonis non* the circuit court must make a like mistake in appointing trustees. A testator cannot by his will control courts as to how certain questions shall be adjudicated, and in this case he did not attempt to do so but merely expressed a wish which the circuit court found in effect was contrary to the best interest of the estate.

It should be further noted that while the testator expressly directs that the "court shall appoint all of said trustees from suitable persons *of the County of Coles,*" at least one of those suggested by the retiring executors and who was appointed administrator *de bonis non* by the county court of Coles county, was not "of the County of Coles," but was a resident of Sangamon county. It follows that the circuit court could not comply with the wish of the testator and appoint the same persons as trustees as represent the estate in the county court and at the same time com-

ply with his request that the trustees should all be of the county of Coles.

Finding no error in the record the decree of the circuit court is affirmed.

*Decree affirmed.*